## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAUREL A. PETTRESS,

             Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

             Agency.

DOCKET NUMBER
CH-0845-15-0420-I-1

DATE: April 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Laurel A. Pettress</u>, Detroit, Michigan, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she was overpaid $20,889.40 in annuity benefits under the Federal Employees' Retirement System (FERS), but modified the OPM

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

repayment schedule. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant filed an appeal of OPM's reconsideration decision, which found that she was overpaid $20,889.40 in annuity benefits under FERS and that she was not entitled to a waiver of the overpayment. Initial Appeal File (IAF), Tab 1. It is undisputed that the appellant was separated for disability retirement on November 22, 2010, by her employing agency, the U.S. Postal Service. IAF, Tab 5. While the appellant's pay ceased on that date, she received disability benefits from the Office of Workers' Compensation Programs (OWCP) from November 22 to December 2, 2010. IAF, Tab 5 at 6. In a letter dated November 16, 2010, OPM granted the appellant's application for disability retirement and advised her that she was required to apply for social security benefits. *Id*. at 78-139. OPM's letter also explicitly notified the appellant that her social security checks should be set aside until the FERS annuity had been properly reduced and that those checks would be needed to pay OPM for the reduction that should have been made in the FERS annuity. *Id*. at 79. In a letter dated September 10, 2012, OPM notified the appellant that it had received

information that she became entitled to social security benefits effective December 3, 2010. *Id*. at 61-62. OPM advised the appellant that her annuity had been adjusted because of her social security benefits and that, as a result, she had been overpaid $20,889.40, and it notified her that her repayment schedule would consist of 80 monthly payments of $257.97 with a final payment of $251.80. *Id*.

¶3    The appellant requested reconsideration of OPM's decision, and she requested a waiver of the overpayment. *Id*. at 59-60. The appellant submitted two Financial Resources Questionnaires (FRQ), dated October 13, 2012, and March 17, 2015, respectively, both forms showing that her average monthly expenses exceeded her average monthly income.[2] *Id*. at 10-12, 16-20. OPM's reconsideration decision affirmed the overpayment and found that the appellant was not entitled to a waiver of the overpayment. *Id*. at 6-9. However, OPM adjusted the repayment schedule to 139 monthly payments of $150.00 and one final payment of $39.40. *Id*. at 9.

¶4    On appeal, the appellant asked the Board to waive recovery of the overpayment because of financial hardship. IAF, Tab 1. While the appellant initially requested a hearing, she withdrew that request, and the administrative judge decided the case on the written record. IAF, Tab 12, Initial Decision (ID) at 1; IAF, Tab 10. The administrative judge found that OPM established the existence and amount of the overpayment, $20,889.40, and that the appellant was not entitled to waiver of collection of the overpayment under the set-aside rule. ID at 4-7. However, the administrative judge found that, because the overall record indicates that the appellant's average monthly expenses exceeded

---

[2] There was a substantial difference between the appellant's FRQ forms. The 2012 FRQ lists her average monthly income as $1,813.00 and her average monthly expenses as $1,720.00, while the 2015 FRQ lists her average monthly income as $2,372.00 and her average monthly expenses as $3,363.00. On the 2015 FRQ her average monthly taxes are identified as $1,500.00, while there were no taxes included on the 2012 FRQ. IAF, Tab 5 at 10-12, 16-20. The appellant did not provide any explanation for the differences between the 2012 and 2015 FRQs.

her average monthly income, further reduction in the monthly repayment schedule was reasonable. ID at 9. The administrative judge adjusted the repayment schedule to 278 payments of $75.00 per month with a final payment of $39.40. ID at 9. Thus, she affirmed OPM's reconsideration decision as modified.

¶5　　On review, the appellant appears to challenge the existence and the amount of the FERS overpayment. Petition for Review File, Tab 1. In this connection, the appellant asserts for the first time on review that, because of her injury, her attendance at work was sporadic from June 2008 until her retirement and that, while she was on OWCP's rolls for some of that period, she was not being compensated by OWCP. As a result, she contends that some of the payroll information may have been incorrect and she does not think that she was overpaid. *Id*.

¶6　　However, because the appellant failed to raise this argument below and she has made no showing that it is based on new and material evidence not previously available despite her due diligence, we need not address it for a first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Moreover, the applicable law and the record evidence support the administrative judge's findings that OPM established the existence and amount of the overpayment with the "Paid and Due Calculation" provided to the appellant with the overpayment notice, as well as the Explanation of Disability Annuity Computation. ID at 4. Therefore, we discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7　　Finally, although the appellant does not challenge the adjusted repayment schedule, we have reviewed the administrative judge's determination to adjust OPM's repayment schedule from 139 monthly payments of $150.00 and 1 final

payment of $39.40 to 278 payments of $75.00 per month with a final payment of $39.40, and we agree with the administrative judge that, based on the appellant's average monthly income and expenses, the reduction in the repayment schedule is warranted.  Thus, we have found no basis upon which to disturb the adjusted repayment schedule.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.